## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAM VAN BOXTEL, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>TENET FINTECH GROUP INC. F/K/A PEAK FINTECH GROUP INC., JOHNSON JOSEPH, and JEAN LANDREVILLE,<br><br>      Defendants. | Case No. 1:21-cv-06461-PKC-RLM |

### MEMORANDUM OF LAW IN SUPPORT OF DONALD DOMINIQUE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Donald Dominique ("Dominique") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Dominique as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Dominique's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired publicly traded Tenet Fintech Group Inc. f/k/a Peak Fintech Group Inc. ("Tenet" or the "Company") securities between September 2, 2021 and October 13, 2021, inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Dominique is the "most adequate plaintiff" as defined by the PSLRA.

Dominique believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Dominique satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead

plaintiff provision, Dominique respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Dominique's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND

Tenet purports to be the parent company of a group of innovative financial technology ("fintech") subsidiaries operating in China's commercial lending industry. Tenet is incorporated in Canada and its headquarters is located in Montreal. Tenet's shares trade over-the-counter ("OTC") under the ticker symbol "PKKFF." On September 9, 2021, Tenet Fintech's shares began trading on the NASDAQ exchange under the ticker symbol "TNT." Immediately prior to market open on September 30, 2021, Tenet Fintech's shares were delisted from the NASDAQ exchange and resumed trading OTC under the ticker symbol "PKKFF."

On October 4, 2021, Grizzly Reports published analysis alleging that while Tenet paid $31 million to Huyan for Heartbeat (an insurance product management and brokerage platform), the asset was registered under another company called Huike. Grizzly Reports also alleged that that the Company did not own a 51% stake in ASFC as it had earlier claimed.

On October 5, 2021, Tenet published a question and answer responding to the report. Therein, Tenet claimed that Huayan and Huike are affiliated companies owned by the same people, and that before proceeding with this transaction, Tenet asked Huayan to transfer all its IP, including the Heartbeat platform, to Huike back in March 2021. Tenet also claimed that "other principles were holding shares in ASFC, representing a 30% stake, on behalf of Tenet through "a nominee shareholder agreement, which is perfectly legal and acceptable in China"

and that the remaining 21% was being held on Tenet's behalf by the two companies listed as shareholders in ASFC.

On October 13, 2021, Grizzly Reports published rebuttal analysis, expanding on its original analysis. The rebuttal alleged that there were five major ASFC shareholders owning 35%, 20%, 15%, 15%, and 15%, respectively, and that there is no combination that adds up to the 51% Tenet claims it owns. Grizzly Reports also alleged that the Company "specifically stated that Wuxi Aorong was created to be the holding company for ASFC's 51% stake" and that "the 'undisclosed nominee shareholder agreement' is a black box to investors and under certain circumstances, not legally enforceable." Grizzly Reports also presented evidence suggesting the creation of ASFC was an undisclosed related party transaction. Grizzly Reports also presented evidence that, contrary to Tenet's assertions, Huayan was not leveraging the Heartbeat platform prior to Tenet's acquisition of Heartbeat.

On this news, the Company's share prices fell $0.57 per share, or 6%, to close at $7.98 per share on October 13, 2021, damaging investors.

The complaint filed in this action alleges that, throughout the Class Period, the defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects, including that: (1) the Company did not own 51% of ASFC through Wuxi Aorong; (2) the Company did not disclose its actual ownership structure of ASFC, an undisclosed and potentially problematic nominee shareholder agreement; (3) Huayan did not own the Heartbeat platform; (4) the Heartbeat platform did not exist prior to the alleged acquisition; (5) the Company faced imminent delisting from NASDAQ due to non-compliance with known regulations; and (6) as a

result of the foregoing, defendants' public statements were materially false and/or misleading at all relevant times

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

## III. ARGUMENT

### A. Dominique Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Dominique satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Dominique has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Dominique is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Dominique respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Dominique Filed a Timely Motion

Dominique has made a timely motion in response to a PSLRA early notice. On November 19, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Donald Dominique's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Dominique had sixty days (*i.e.*, until January 18, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Tenet securities during the Class Period, Dominique is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Dominique attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Dominique satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Dominique Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Dominique believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Dominique purchased Tenet securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Dominique is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Dominique believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Dominique Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Dominique's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Dominique's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Dominique alleges that the defendants' material misstatements and omissions concerning Tenet's business, operations, and financial prospects violated the federal securities laws. Dominique, like all members of the class, purchased Tenet securities in reliance on the defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Dominique's interests and claims are "typical" of the interests and claims of the class.

### b) Dominique Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest

7

in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Dominique has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Dominique is not aware of any conflict between his claims and those asserted on behalf of the class. Dominique resides in Florida and has been managing his own investment portfolio for more than 7 years. Dominique is a Senior Provider Liaison for Naviguard and has a B.A. in Political Science and Government from Florida International University. As such, Dominique is adequate to represent the class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Dominique has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, Donald Dominique respectfully requests that the Court grant his Motion and enter an Order (1) appointing Dominique as Lead Plaintiff; (2) approving his

selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 18, 2022 **GLANCY PRONGAY & MURRAY LLP**

By: /s/ Gregory B. Linkh
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Donald Dominique and Proposed Lead Counsel for the Class*

# PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 18, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 18, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh