UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAM VAN BOXTEL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TENET FINTECH GROUP INC. F/K/A PEAK FINTECH GROUP INC., JOHNSON JOSEPH, and JEAN LANDREVILLE,<br><br>    Defendants. | Case No. 1:21-cv-06461-PKC-RLM |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ERIK PETERSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1
STATEMENT OF FACTS ......................................................................................................2
ARGUMENT ..........................................................................................................................5
        A.      PETERSON SHOULD BE APPOINTED LEAD PLAINTIFF .............................5
              1.      Peterson Is Willing to Serve as Class Representative .................................6
              2.      Peterson Has the "Largest Financial Interest" ............................................6
              3.      Peterson Otherwise Satisfies the Requirements of Rule 23 ........................7
              4.      Peterson Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................10
        B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........................................................................................................10
CONCLUSION ....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ................................... 8

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (S.D.N.Y. 1992) ......................................................................................... 9

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ......................... 7

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ..................................... 9

*Fischler v. AMSouth Bancorporation*,
   No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) .................................. 8

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .......................................................................................... 9

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ...................................................................................... 8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ................................................................................................. 7

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ................ 7, 11

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ................................................................................................. 8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................. 7, 8

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) .................................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................... 8

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) .......................................................................................... 8

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................................10

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).................................................7

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................11

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

Securities Exchange Act of 1934 .......................................................................................1, 4, 5

**Rules**

Fed. R. Civ. P. 23................................................................................................................ *passim*

Movant Erik Peterson ("Peterson") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Peterson as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired publicly traded Tenet Fintech Group Inc. f/k/a Peak Fintech Group Inc. ("Tenet Fintech" or the "Company") securities between September 2, 2021 and October 13, 2021, inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Tenet Fintech investors, including Peterson, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Tenet Fintech securities to fall sharply, damaging Peterson and other Tenet Fintech investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his transactions in Tenet Fintech securities during the Class Period, Peterson incurred losses of approximately $9,689. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Peterson believes that he has the largest financial interest in the relief sought in the Action. Beyond his considerable financial interest, Peterson also meets the applicable requirements of Rule 23

1

because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Peterson has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Peterson respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## **STATEMENT OF FACTS**

As alleged in the Complaint in the Action, Tenet Fintech purports to be the parent company of a group of innovative financial technology ("fintech") subsidiaries operating in China's commercial lending industry. Tenet Fintech is incorporated in Canada and its headquarters are located at 550 Sherbrooke West, Suite 265, Montreal A8 H3A 1B9. Tenet Fintech's shares trade over-the-counter ("OTC") under the ticker symbol "PKKFF." On September 9, 2021, Tenet Fintech's shares began trading on the NASDAQ exchange ("NASDAQ") under the ticker symbol "TNT". Immediately prior to market open on September 30, 2021, Tenet Fintech's shares were delisted from the NASDAQ and resumed trading OTC under the ticker symbol "PKKFF". On October 27, 2021, the Company officially changed its name from Peak Fintech Group Inc. to Tenet Fintech Group Inc.

Throughout the Class Period, Defendants misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results,

which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company did not own 51% of Asia Synergy Financial Capital Ltd. ("ASFC") through Wuxi Aorong Ltd. ("Wuxi Aorong"); (2) the Company did not disclose its actual ownership structure of ASFC, an undisclosed and potentially problematic nominee shareholder agreement; (3) Huayan Kun Tai Technology Company Ltd. did not own the "Heartbeat" platform; (4) the Heartbeat platform did not exist prior to the alleged acquisition; (5) the Company faced imminent delisting from NASDAQ due to non-compliance with known regulations; and (6) as a result of the foregoing, Defendants' public statements were materially false and/or misleading at all relevant times.

On September 21, 2021, the Company issued a press release stating that the NASDAQ and the U.S. Securities and Exchange Commission ("SEC") advised the Company that the review of its Form 40-F was taking longer than originally expected. As such, trading of the Company's shares on the NASDAQ was temporarily halted. The press release stated, in relevant part:

> Peak Fintech Group Inc. (CSE: PKK) (NASDAQ: TNT) ("Peak" or the "Company"), an innovative Fintech service provider and manager of the Cubeler Business Hub, today announced that it has been ***advised by the Nasdaq Capital Market ("NASDAQ") that the US Securities and Exchange Commission (the "SEC") is still in the process of reviewing the Company's registration statement, known as Form 40-F. As the review process is taking longer than originally expected, trading of Peak's common shares on the NASDAQ has been temporarily halted until the SEC completes its review and issues the notice of effectiveness of the Company's Form 40-F.***

(Emphasis added.)

On September 28, 2021, the Company issued a press release stating that it would withdraw its Form 40-F filed with the SEC. The press release stated, in pertinent part:

> Peak Fintech Group Inc. (CSE: PKK) (NASDAQ: TNT) ("Peak" or the "Company"), an innovative Fintech service provider and manager of the Cubeler

3

> Business Hub, today announced that it has ***voluntarily withdrawn its Form 40-F (registration statement) filed with the U.S. Securities and Exchange Commission (the "SEC") while it works to comply with recent disclosure guidance provided by the SEC for companies either based in China or with the majority of their operations in China (the "Guidance").***
>
> Without an effective Form 40-F filed with the SEC to register the Company's common shares under Section 12(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), ***the Company's common shares will no longer be listed on the Nasdaq Capital Market (the "NASDAQ") as of immediately prior to market open on Thursday September 30, 2021.***

(Emphases added.)

On September 30, 2021, the Company's shares began trading on the OTC under the ticker symbol "PKKFF." As a result of the delisting from NASDAQ, the Company's share prices fell $1.59, or over 17%, from closing at $9.09 on September 20, 2021, to open at $7.50 on September 30, 2021.

On October 1, 2021, the Company issued a press release announcing the acquisition of Cubeler Inc. ("Cubeler"), an analytics and artificial intelligence company.

On October 4, 2021, market analyst Grizzly Reports published a report discussing and analyzing the Company (the "Analyst Report"). The Analyst Report stated that the Company's acquisition of Heartbeat was rife with factual inaccuracies and suspicious transactions. The Analyst Report also alleged that the Company did not own ASFC. Although the Company purports to own 51% of ASFC through its wholly-owned subsidiary Wuxi Aorong, the Analyst Report refuted this claim. The Analyst Report also alleged that the Company's acquisition of Cubeler "evidence[d] self-dealing."

On October 5, 2021, the Company published a question and answer responding to specific allegations in the Analyst Report (the "Q&A Response"). In the Q&A Response, Defendant Johnson Joseph ("Joseph") purported to debunk the allegations in the Analyst Report.

On October 13, 2021, Grizzly Reports published a rebuttal report to the Company's Q&A Response (the "Rebuttal Report"). The Rebuttal Report expanded on the original Analyst Report regarding the Company's purported ownership in ASFC. The Rebuttal Report included new issues with the Company's statements regarding ASFC. Additionally, the Rebuttal Report presented evidence suggesting the creation of ASFC was an undisclosed related party transaction. The Rebuttal Report also highlighted Defendant Joseph's misstatements regarding the Heartbeat acquisition in the Q&A Response.

On this news, the Company's share prices dropped by $0.57 per share, or 6%, to close at $7.98 on October 13, 2021, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's shares, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.  PETERSON SHOULD BE APPOINTED LEAD PLAINTIFF

Peterson should be appointed Lead Plaintiff because he has the largest financial interest in the Action to his knowledge and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate

plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that: "(aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Peterson satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Peterson Is Willing to Serve as Class Representative

On November 19, 2021, counsel for the plaintiff in the Action caused a notice to be published over *Newsfile Corp.* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Tenet Fintech securities that they had until January 18, 2022—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

Peterson has filed the instant motion pursuant to the PSLRA Notice and has submitted a signed Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Peterson satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Peterson Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Peterson has the largest financial interest of any Tenet Fintech investor or investor group seeking to serve as Lead

Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (i) the number of shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Peterson: (i) purchased 1,800 shares of Tenet Fintech securities; (ii) expended $19,895 on his purchases of Tenet Fintech securities; (iii) retained all of his shares of Tenet Fintech securities; and (iv) as a result of the disclosures of the fraud, suffered a loss of $9,689 in connection with his Class Period purchases of Tenet Fintech securities. *See* Lieberman Decl., Ex. A. Because Peterson possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.  Peterson Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are

---

[1] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

satisfied: (i) "the class is so numerous that joinder of all members is impracticable"; (ii) "there are questions of law or fact common to the class"; (iii) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (iv) "the representative parties will fairly and adequately protect the interests of the class."

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v.*

8

*Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Peterson's claims are typical of those of the Class. Peterson alleges, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or by omitting to state material facts necessary to make the statements they did make not misleading. Peterson, as did all Class members, purchased Tenet Fintech securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Peterson is an adequate representative for the Class. There is no antagonism between the interests of Peterson and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Peterson has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class

pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Peterson is also represented by the Schall Law Firm in this litigation.

Further demonstrating his adequacy, Peterson has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Peterson Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Peterson as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The ability and desire of Peterson to fairly and adequately represent the Class has been discussed above. Peterson is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Peterson should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"

(quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Peterson has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of its extensive experience in similar litigation, Peterson's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Peterson's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Peterson respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## **CONCLUSION**

For the foregoing reasons, Peterson respectfully requests that the Court issue an Order: (1) appointing Peterson as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated: January 18, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Erik Peterson and Proposed Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Erik Peterson*