**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRAM VAN BOXTEL, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TENET FINTECH GROUP INC. F/K/A PEAK FINTECH GROUP INC., JOHNSON JOSEPH, AND JEAN LANDREVILLE, <br><br> Defendants. | CASE No.: 1:21-cv-06461-PKC-RLM <br><br> **MEMORANDUM OF LAW OF ALEJANDRO HANDAL IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> <u>CLASS ACTION</u> |

Lead Plaintiff Movant Alejandro Handal ("Mr. Handal" or "Movant") respectfully submits this opposition to the pending competing lead plaintiff motions. Dkt. No. 5.[1]

**<u>BACKGROUND</u>**

Three lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of all persons or entities who purchased or otherwise acquired publicly traded securities of Tenet Fintech Group Inc. f/k/a Peak Fintech Group Inc. ("Tenet Fintech" or the "Company") between September 2, 2021 and October 13,

---

[1] On January 27, 2022, Erik Peterson filed a notice of non-opposition to the competing motions, noting "it appears that Peterson does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." Dkt. No. 13.

1

2021, inclusive (the "Class Period").

Of the two remaining movants, Mr. Handal clearly has the largest financial interest with $133,398 in losses from his Class Period transactions of Tenet Fintech securities. Indeed, the Court acknowledged this in its January 19, 2022 Order, which stated, *inter alia*, that "it appears that movant Alejandro Handal has the largest financial interest in the relief sought by the class." The competing movant, Donald Dominique, claims a much smaller loss of approximately $3,205. Dkt. No. 7-3.

Because Mr. Handal has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Mr. Handal is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## **ARGUMENT**

### I. MR. HANDAL SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons . . . that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Mr. Handal suffered the largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005)

(finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Mr. Handal has the largest loss—more than 41 times the next-largest loss—and thus, the greatest financial interest of the remaining movants:

| Movant(s) | Loss |
|---|---|
| 1. Mr. Handal | $133,398 |
| 2. Donald Dominique | $3,205 |

Moreover, as set forth in Movant's opening papers, Mr. Handal has made a *prima facie* showing of his adequacy and typicality. Movant has submitted a certification attesting to his willingness to serve as lead plaintiff. Dkt. No. 9-2. Mr. Handal's claims are also typical of other class members because his claims arise from the same legal theories and same nucleus of fact. Movant's interests are aligned with the interests of the other class members as he has the same incentive to prove Defendants' fraud. Mr. Handal is a marketing manager with 15 years of investing experience. *See* Dkt. No. 9 at 9. He is a resident of the State of Florida. *Id.* There are no conflicts of interest between Mr. Handal and absent class members. *See id*. at 8-9.

In short, because Mr. Handal has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. As such, Mr. Handal should be appointed lead plaintiff and his selection of Lead Counsel should be approved.

## II. THE PRESUMPTION IN FAVOR OF MR. HANDAL HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Mr. Handal to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Mr. Handal. Any such speculative challenge does not satisfy

3

the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff—here Mr. Handal—will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence . . . ."); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Mr. Handal has the largest financial interest and has made a *prima facie* demonstration of his typicality and adequacy, and no movant has rebutted the presumption with proof, Mr. Handal must be appointed Lead Plaintiff.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147,

150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Mr. Handal has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm has the resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 9-4. Indeed, the Firm is one of the preeminent securities class action law firms in the country. The Firm has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors—$438,340,000—and the number of settlements—12.[2] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV. COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Mr. Handal has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

## **CONCLUSION**

For the foregoing reasons, Mr. Handal's motion should be granted in its entirety and competing motions should be denied.

Dated: January 27, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim