**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEJANDRO HANDAL and DONALD DOMINIQUE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TENET FINTECH GROUP INC. F/K/A PEAK FINTECH GROUP INC., JOHNSON JOSEPH, and JEAN LANDREVILLE, <br><br> Defendants. | Case No.: 1:21-cv-06461-PKC-RLM <br><br><br> Hon. Pamela K. Chen |

### TENET FINTECH GROUP INC. F/K/A PEAK FINTECH GROUP INC., JOHNSON JOSEPH, AND JEAN LANDREVILLE'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Tenet Fintech Group Inc. f/k/a Peak Fintech Group Inc. ("Tenet"), Johnson Joseph ("Joseph"), and Jean Landreville ("Landreville" and, together with Tenet and Joseph, "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in the Second Amended Complaint (the "Complaint"), filed by Lead Plaintiff Alejandro Handal and named plaintiffs Donald Dominique and Jack Hill on October 25, 2023 (ECF No. 44).   On January 30, 2024, the parties entered into, and this Court so-ordered, a stipulation providing that Plaintiffs voluntarily dismiss Count II of the Complaint as to Defendant Landreville and Counts III and IV of the Complaint as to all Defendants (ECF No. 48).   Defendants' position is that Paragraphs 81 to 150 of the Complaint do not survive this voluntary dismissal.   Even so, Defendants respond to all of Plaintiffs' allegations below, but do not admit or acknowledge that Paragraphs 81 to 150 of the Complaint remain operative.

Unless expressly indicated otherwise, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any other person identified in the Complaint.  For the sake of clarity, and unless otherwise expressly stated, capitalized terms used herein have the same meaning as in the Complaint.  To the extent that Defendants use terms in this Answer defined in the Complaint, that use is not an acknowledgment or admission of any characterization Plaintiffs may ascribe to such defined terms.  Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may become necessary.

## I.    NATURE OF THE ACTION

1.    Defendants admit that Lead Plaintiff Alejandro Handal and named plaintiffs Donald Dominique and Jack Hill purport to pursue remedies (i) under the Securities Act of 1933 (the "Securities Act") on behalf of all purchasers of Tenet common shares between September 3, 2021 and September 20, 2021 and (ii) under the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of all purchasers of Tenet common shares between October 5, 2021 and October 13, 2021.  Defendants otherwise deny the allegations in Paragraph 1.

2.    Defendants admit that Tenet is a Canadian company with its primary operations in China.  Defendants further admit that Tenet filed Form 40-F with the SEC in early September 2021.  Paragraph 2 purports to quote from Tenet's September 3, 2021 Registration Statement, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 2.

3.    Paragraph 3 purports to quote from a letter from Mr. Eun Ag Choi, dated September 8, 2021, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 3.

4. Paragraph 4 purports to quote from a September 7, 2021 news release, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 4.

5. Paragraph 5 purports to quote from a September 21, 2021 news release, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. Paragraph 7 appears to quote from a September 28, 2021 letter from Eun Ag Choi to the SEC. Defendants refer to that letter for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 7.

8. Paragraph 8 appears to quote from a letter dated September 28, 2021. Defendants admit that Joseph, on behalf of Peak Fintech Group Inc., sent a letter to the SEC, dated September 28, 2021. Defendants refer to that letter for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 8.

9. Defendants aver that the prices at which Tenet's stock traded are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Paragraph 11 purports to characterize Tenet's Form 40-F Registration Statement, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 11.

12. To the extent Paragraph 12 purports to characterize Chinese documents that are not accompanied by certified English translations, Defendants reject and deny those characterizations. Defendants otherwise deny the allegations in Paragraph 12.

13.    Defendants deny the allegations in Paragraph 13, except Defendants aver that the prices at which Tenet's stock traded are matters of public record that speak for themselves.  .

14.    Defendants deny the allegations in Paragraph 14, except Defendants aver that the prices at which Tenet's stock traded are matters of public record that speak for themselves.

## II.    JURISDICTION AND VENUE

15.    Paragraph 15 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 15, except admit that this suit purports to pursue remedies under Sections 11 and 15 of the Securities Act, Sections 10(b) and 20(a) of Exchange Act, and Rule 10b-5 promulgated thereunder.

16.    Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that United States District Courts have subject matter jurisdiction over claims properly asserted under Sections 11 and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act.

17.    Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18.    Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18.

## III.    PARTIES

19.    Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Alejandro Handal purchased Tenet stock during the purported Class Period. Defendants also aver that the prices at which Tenet's stock traded are matters of public record and speak for themselves.  Defendants deny the remaining allegations in Paragraph 19.

4

20.     Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Donald Dominique purchased Tenet stock during the purported Class Period. Defendants also aver that the prices at which Tenet's stock traded are matters of public record and speak for themselves. Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Jack Hill purchased Tenet stock during the purported Class Period. Defendants deny the remaining allegations in Paragraph 21.

22.     Tenet admits that it was incorporated as Java Capital Inc. in Canada on May 13, 2008. Defendants admit that Tenet's former company names include Peak Positioning Technologies Inc. and Peak Fintech Group Inc. / Groupe Peak Fintech Inc. Defendants admit that the Company changed its name to Tenet Fintech Group, Inc. effective November 1, 2021. Tenet admits that its stock has been trading on the Canadian Stock Exchange since October 2015 under the ticker symbol "PKK." Tenet admits that from September 9, 2021 to September 20, 2021, Tenet's stock traded on Nasdaq under the symbol "TNT." Defendants admit that its stock currently trades over-the-counter in the United States under the ticker symbol "PKKFF." Defendants otherwise deny the allegations in Paragraph 22.

23.     Defendants admit that Johnson Joseph began serving as Tenet's Chief Executive Officer, President, and Director in 2011 and held those titles throughout the purported Class Period. Defendants otherwise deny the allegations in Paragraph 23.

24.     Defendants admit that Jean Landreville began serving as Tenet's Chief Financial Officer in 2018 and held that title throughout the purported Class Period. Defendants otherwise deny the allegations in Paragraph 24.

25. To the extent that Paragraph 25 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 28.

## IV.   SUBSTANTIVE ALLEGATIONS UNDER SECURITIES ACT

### A.   Tenet's Short-Lived Trading on NASDAQ

29. Defendants admit that Tenet owns financial technology and artificial intelligence companies which provide various analytics and AI-based services to financial institutions and other businesses. Plaintiffs' allegations do not fully characterize Tenet's business. Defendants further admit that Tenet's stock traded on the Canadian Stock Exchange beginning in October 2015, under the ticker symbol "PKK."

30. Defendants admit that Tenet filed Form 40-F with the SEC and Nasdaq in early September 2021.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit that Nasdaq halted trading of Tenet's stock on September 20, 2021. To the extent Paragraph 32 characterizes or paraphrases a letter from Nasdaq, dated September 28, 2021, Defendants refer to that letter for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 32.

33. Paragraph 33 purports to characterize and quote from a letter, dated September 29, 2021. Defendants reject Plaintiffs' characterizations and refer to the letter for its complete

6

and accurate contents. Paragraph 33 also purports to paraphrase SEC guidance, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 33.

34. Defendants aver that the prices at which Tenet's stock traded are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 34.

**B.  Defendants Misrepresented the Jinxiaoer Acquisition**

35. Paragraph 35 purports to characterize and paraphrase a December 3, 2019 news article. Defendants reject Plaintiffs' characterizations and refer to the news article for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 35.

36. Paragraph 36 purports to characterize Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Paragraph 38 purports to characterize a report published by Grizzly Reports on October 4, 2021 (the "First Grizzly Report"). Defendants refer to that report for its complete contents. For the avoidance of doubt, Defendants also deny any allegations in the First Grizzly Report insofar as it purports to level allegations at Defendants. Defendants also aver that the prices at which Tenet's stock traded are matters of public record and speak for themselves. Defendants otherwise deny the allegations in Paragraph 38.

39. Paragraph 39 purports to characterize and quote from a question-and-answer-style interview between StockFam and Johnson. Defendants admit that Joseph participated in a "Q&A" with StockFam on or about October 5, 2021 (the "StockFam Q&A"). Defendants reject

7

Plaintiffs' characterizations of the interview and refer to the transcript of the interview for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 39.

40. Paragraph 40 purports to characterize a report published by Grizzly Reports on October 13, 2021 (the "Second Grizzly Report"), to which Defendants refer for its complete contents. Defendants reject Plaintiffs' characterization of the report and, for the avoidance of doubt, Defendants also deny any allegations in the Second Grizzly Report insofar as it purports to level allegations at Defendants. Defendants otherwise deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42. Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibit 5, which is in Chinese and unaccompanied by a certified English translation.

43. Defendants deny the allegations in Paragraph 43. Defendants also reject and deny any characterizations by Plaintiffs of Chinese websites that have not been attached as exhibits with certified translations.

### C.      **Tenet Does Not Own ASFC—A Purportedly Key Tenet Subsidiary**

44. Paragraph 44 purports to characterize and quote a December 7, 2017 news article. Defendants reject Plaintiffs' characterizations and refer to the article for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 44.

45. Paragraph 45 purports to characterize Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021. Defendants refer to the filing for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 45.

46.    Paragraph 46 purports to characterize the First Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterization of the report and, for the avoidance of doubt, Defendants also deny any allegations in the First Grizzly Report insofar as it purports to level allegations at Defendants. Defendants otherwise deny the allegations in Paragraph 46.

47.    Paragraph 47 purports to characterize and quote from the StockFam Q&A. Defendants reject Plaintiffs' characterizations and refer to the transcript of the StockFam Q&A for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 47.

48.    Paragraph 48 purports to characterize the Second Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterization of the report and, for the avoidance of doubt, Defendants also deny any allegations in the Second Grizzly Report insofar as it purports to level allegations at Defendants.  Defendants otherwise deny the allegations in Paragraph 48.

49.    Defendants deny the allegations in Paragraph 49.

50.    Defendants deny the allegations in Paragraph 50.  Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibit 6, which is in Chinese and unaccompanied by a certified English translation.

51.    Defendants deny the allegations in Paragraph 51.  Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibits 6, 7, 8, and 9, each of which is in Chinese and unaccompanied by certified English translations.

52.    Defendants deny the allegations in Paragraph 52.  Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibits 7, 8, and 9, each of which is in Chinese and unaccompanied by certified English translations.

53.    Defendants deny the allegations in Paragraph 53.

**D.    Defendants' Materially False and Misleading Statements and Omissions Concerning the Registration Statement**

**1.    Regarding Registration Eligibility**

54.    Paragraph 54 purports to quote from Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021.  Defendants refer to the filing for its complete and accurate contents.   Defendants otherwise deny the allegations in Paragraph 54.

55.    Paragraph 55 purports to characterize and quote from multiple press releases and an SEC publication.  Defendants reject Plaintiffs' characterizations and refer to the press releases and SEC publication for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 55.

**2.    Regarding the Jinxiaoer Acquisition**

56.    Paragraph 56 purports to quote from Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021.  Defendants refer to the filing for its complete and accurate contents.   Defendants otherwise deny the allegations in Paragraph 56.

57.    Defendants deny the allegations in Paragraph 57.

**3.    Regarding ASFC**

58.    Paragraph 58 purports to characterize Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021.  Defendants

10

refer to the filing for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

**E.      Plaintiffs' Class Action Allegations for Their Securities Act Claims**

60.     The allegations in Paragraph 60 constitute a statement of Plaintiffs' legal position, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 constitute a statement of Plaintiffs' legal position, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 constitute a statement of Plaintiffs' legal position, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 64.

65.     Paragraph 65 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 65.

## V.      SECURITIES ACT CLAIMS

### COUNT I

**Violations of Section 11 of the Securities Act**
**Against all Defendants Concerning**
**The Registration Statement**

66.      In response to Paragraph 66, Defendants repeat, re-allege, and incorporate their responses to Paragraph 1-65, as if fully set forth therein.

67.      Paragraph 67 constitutes a statement of Plaintiffs' legal position, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 67, except to admit that this Count purports to pursue remedies under Section 11 of the Securities Act.

68.      Defendants deny the allegations in Paragraph 68.

69.      Defendants admit that Joseph signed Form 40-F on behalf of Tenet.

70.      Defendants deny the allegations in Paragraph 70.

71.      Defendants deny the allegations in Paragraph 71.

72.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, deny them.

73.      Defendants deny the allegation in Paragraph 73 with respect to "wrongful conduct" and Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, on that basis, deny them.

74.      The allegations in Paragraph 74 constitute a statement of Plaintiffs' legal position, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74.

**COUNT II**
**Violations of Section 15 of the Securities Act**
**Against the Individual Defendants Concerning**
**the Registration Statement**

75. In response to Paragraph 75, Defendants repeat, re-allege, and incorporate their responses to Paragraph 1-74, as if fully set forth therein.

76. Paragraph 76 constitutes a statement of Plaintiffs' legal position, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 76, except to admit that this Count purports to pursue remedies under Section 15 of the Securities Act.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. The allegations in Paragraph 80 constitute a statement of Plaintiffs' legal position, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

**VI.    SUBSTANTIVE ALLEGATIONS UNDER SECURITIES EXCHANGE ACT**

**A.    <u>Tenet's Short-Lived Trading on Nasdaq</u>**

81. Defendants admit that Tenet owns financial technology and artificial intelligence companies which provide various analytics and AI-based services to financial institutions and other businesses. Plaintiffs' allegations do not fully characterize Tenet's business. Defendants further admit that Tenet's stock traded on the Canadian Stock Exchange beginning in October 2015, under the ticker symbol "PKK."

82. Defendants admit that Tenet filed Form 40-F with the SEC and Nasdaq in early September 2021.

83.     Defendants admit the allegations in Paragraph 83.

**B.      Defendants Misrepresented Its Huayan Asset Acquisition**

84.     Paragraph 84 purports to characterize and quote a September 14, 2021 news article.  Defendants reject Plaintiffs' characterizations and refer to the article for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Paragraph 86 purports to characterize the First Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the First Grizzly Report insofar as it purports to level allegations at Defendants.  Defendants otherwise deny the allegations in Paragraph 86.

87.     Paragraph 87 purports to characterize and quote from the StockFam Q&A.  Defendants reject Plaintiffs' characterizations and refer to the transcript of the StockFam Q&A for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 87.

88.     Paragraph 88 purports to characterize the Second Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the Second Grizzly Report insofar as it purports to level allegations at Defendants.  Defendants otherwise deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90. Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibit 10 and 11, both of which are in Chinese and unaccompanied by certified English translations.

91. Defendants deny the allegations in Paragraph 91. Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibits 12, 13, and 14, each of which are in Chinese and unaccompanied by certified English translations.

92. Defendants deny the allegations in Paragraph 92. Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibit 12 and 15, both of which are in Chinese and unaccompanied by certified English translations.

93. Defendants deny the allegations in Paragraph 93. Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibit 16 and 17, both of which are in Chinese and unaccompanied by certified English translations.

**C.     Defendants Misrepresented the Jinxiaoer Acquisition**

94. Paragraph 94 purports to characterize and paraphrase a December 3, 2019 news article. Defendants reject Plaintiffs' characterizations and refer to the news article for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 94.

95. Paragraph 95 purports to characterize Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 95.

96. Paragraph 96 purports to characterize the First Grizzly Report, to which Defendants refer for its complete contents. Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the First Grizzly

Report insofar as it purports to level allegations at Defendants. Defendants otherwise deny the allegations in Paragraph 96.

97.    Paragraph 97 purports to characterize and quote from the StockFam Q&A. Defendants reject Plaintiffs' characterizations and refer to the transcript of the StockFam Q&A for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 97.

98.    Paragraph 98 purports to characterize the Second Grizzly Report, to which Defendants refer for its complete contents. Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the Second Grizzly Report insofar as it purports to level allegations at Defendants. Defendants otherwise deny the allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100. Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibit 5, which is in Chinese and unaccompanied by a certified English translation.

101.    Defendants deny the allegations in Paragraph 101. Defendants also reject and deny any characterizations by Plaintiffs of Chinese websites that have not been attached as exhibits with certified translations.

**D.    Tenet Does Not Own ASFC—A Purportedly Key Tenet Subsidiary**

102.    Paragraph 102 purports to paraphrase a December 7, 2017 news article, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 102.

16

103.    Paragraph 103 purports to characterize Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021, to which Defendants refer for its complete and accurate contents.   Defendants otherwise deny the allegations in Paragraph 103.

104.    Paragraph 104 purports to characterize the First Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the First Grizzly Report insofar as it purports to level allegations at Defendants.  Defendants otherwise deny the allegations in Paragraph 104.

105.    Paragraph 105 purports to characterize and quote from the StockFam Q&A. Defendants reject Plaintiffs' characterizations and refer to the transcript of the StockFam Q&A for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 105.

106.    Paragraph 106 purports to characterize the Second Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the Second Grizzly Report insofar as it purports to level allegations at Defendants.  Defendants otherwise deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.  Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibit 6, which is in Chinese and unaccompanied by a certified English translation.

17

109.    Defendants deny the allegations in Paragraph 109.  Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibits 6, 7, 8, and 9, each of which is in Chinese and unaccompanied by certified English translations.

110.    Defendants deny the allegations in Paragraph 110.  Defendants also reject and deny any characterizations by Plaintiffs of Complaint Exhibits 7, 8, and 9, each of which is in Chinese and unaccompanied by certified English translations.

111.    Defendants deny the allegations in Paragraph 111.

**E.    Defendants' Materially False and Misleading Statements and Omissions**

**1.    Statements Regarding the Huayan Assset Acquisition Were Materially False and Misleading**

112.    Paragraph 112 purports to quote from a press release dated September 14, 2021, to which Defendants refer for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    Paragraph 114 purports to quote from the StockFam Q&A.  Defendants refer to the transcript of the StockFam Q&A for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

**2.    Statements Regarding the Jinxiaoer Acquisition Were Materially False and Misleading**

116.    Paragraph 116 purports to characterize and quote from Tenet's Form 40-F Registration Statement.  Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Paragraph 118 purports to quote from the StockFam Q&A.  Defendants refer to the transcript of the StockFam Q&A for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

### 3.    Statements Regarding ASFC Were Materially False and Misleading

120.    Paragraph 120 purports to characterize Tenet's Form 40-F Registration Statement. Defendants admit that Tenet filed Form 40-F with the SEC in early September 2021, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Paragraph 122 purports to quote from the StockFam Q&A.  Defendants refer to the transcript of the StockFam Q&A for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

### F.    The Truth Begins to Emerge

124.    Paragraph 124 purports to characterize the First Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the First Grizzly Report insofar as it purports to level allegations at Defendants.  Defendants also aver that the prices at which the Company's stock traded are matters of public record that speak for themselves.  Defendants otherwise deny the allegations in Paragraph 124.

125.    Paragraph 125 purports to characterize the StockFam Q&A.  Defendants reject Plaintiffs' characterizations and refer to the transcript of the StockFam Q&A for its complete and

19

accurate contents.  Paragraph 125 also purports to characterize the Second Grizzly Report, to which Defendants refer for its complete contents.  Defendants reject Plaintiffs' characterizations of the report and, for the avoidance of doubt, Defendants also deny any allegations in the Second Grizzly Report insofar as it purports to level allegations at Defendants.  Defendants also aver that the prices at which the Company's stock traded are matters of public record that speak for themselves.  Defendants otherwise deny the allegations in Paragraph 125.

126.    Defendants deny the allegations in Paragraph 126.

### G.    Plaintiff's Class Action Allegations for Their Exchange Act Claims

127.    The allegations in Paragraph 127 constitute a statement of Plaintiffs' legal position, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.    Defendants admit that Tenet securities were traded OTC and on NASDAQ during the alleged Class Period.  The allegations in Paragraph 128 otherwise constitute a statement of Plaintiffs' legal position to which no response is required.  Defendants lack knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 128 and, on that basis, deny them.

129.    Paragraph 129 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 constitute a statement of Plaintiffs' legal position, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 131.

132.    Paragraph 132 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 132.

### 1.    Application of Presumptions of Reliance:

### Fraud on the Market

133.    Paragraph 133 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 133, except to admit that, at all relevant times during the alleged Class Period, (a) Tenet's common stock was listed OTC and on Nasdaq; (b) Tenet filed periodic public reports with the SEC and Nasdaq; (c) Tenet communicated with public investors, including through the dissemination of press releases and other public disclosures; (d) upon information and belief, Tenet was followed by securities analysts who wrote reports.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and, on that basis, deny them.

134.    Paragraph 134 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 134.

### *Affiliated Ute*

135.    Paragraph 135 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 135.

## VII. EXCHANGE ACT CLAIMS

### COUNT III

### For Violations of Section 10(b) of the Exchange Act and SEC Rule 10-5 Against Defendants Tenet and Joseph Regarding Misstatements Concerning Tenet's Purported Business Ownership

136.    Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 136 is required.  To the extent a

response is required, Defendants repeat, re-allege, and incorporate their responses to Paragraphs 1 through 135, as if fully set forth herein.

137. Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 137 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 137, except to admit that this Count purported to pursue remedies under Section 10(b) of the Exchange Act prior to Plaintiffs' voluntary dismissal.

138. Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 138 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 138.

139. Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 139 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 139.

140. Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 140 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 140.

141. Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 141 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 141.

142. Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 142 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 142.

143.    Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 143 is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 143.

144.    Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 144 is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 144.

145.    Plaintiffs have voluntarily dismissed Count III as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 145 is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 145.

## COUNT IV

**Violations of Section 20(a) of the Exchange Act
Against the Individual Defendants for Misstatements
Concerning Tenet's Purported Business Ownership**

146.    Plaintiffs have voluntarily dismissed Count IV as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 146 is required.  To the extent that a response is required, Defendants repeat, re-allege, and incorporate their responses to Paragraphs 1 through 145, as if fully set forth herein.

147.    Plaintiffs have voluntarily dismissed Count IV as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 147 is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 147.

148.    Plaintiffs have voluntarily dismissed Count IV as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 148 is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 148.

23

149.    Plaintiffs have voluntarily dismissed Count IV as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 149 is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 149.

150.    Plaintiffs have voluntarily dismissed Count IV as to all Defendants, (*see* ECF Doc. No. 48), so no response to the allegations in Paragraph 150 is required.  To the extent that a response is required Defendants deny the allegations in Paragraph 150.

## VIII.  PRAYER FOR RELIEF

Defendants deny that Plaintiffs and the purported Class are entitled to any of the relief requested in the prayer.

### AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Defendants, and without admitting that Plaintiffs have suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the Complaint.  By setting forth these affirmative defenses, Defendants do not concede that they bear the burden of proof as to any of them, and do not waive or otherwise limit any defenses which are or may be raised by the denials, allegations, and averments.  Nothing stated herein is intended to be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.  Further, Defendants hereby give notice that Defendants intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and reserve their right to amend this Answer and assert any or all such defenses.

### First Affirmative Defense

Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

24

## Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendants did not make a false or misleading statement of material fact and did not omit any material facts that were necessary in order to make the alleged statements, not false or misleading.

## Fourth Affirmative defense

Plaintiffs' claims are barred in whole or in part because Defendants did not know of the purported inaccuracy of the alleged misstatements, did not know of any material omissions from those statements, and could not have become aware of such alleged inaccuracy.

## Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendants did not intentionally or recklessly make any misleading statements or omissions.  At all times and with respect to the matters referenced in the Complaint, Defendants acted in good faith and exercised reasonable care, and in exercising such reasonable care, did not know and could not have known of the alleged falsity and/or misstatements alleged in the Complaint.

## Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendants did not act with the requisite scienter.

## Seventh Affirmative Defense

Plaintiffs' claims are barred in whole or in part because any alleged misrepresentations were not material as a matter of law.

25

### Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because the alleged depreciation in Tenet's stock price resulted from factors other than the alleged misstatements and/or omissions in the Complaint.

### Ninth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Plaintiffs and the purported class members did not actually, justifiably, reasonably, or otherwise rely on the alleged misstatements or on an any disclosures allegedly rendered materially false or misleading as a result of any alleged omission.

### Tenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of assumption of risk. Plaintiffs and members of the putative class purchased the relevant securities with actual or constructive knowledge of the inherent risk in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

### Eleventh Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted and should be dismissed to the extent the documents or statements at issue are subject to the PSLRA Safe Harbor or bespeaks caution doctrines.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events not caused by the Defendants, caused some or all of the alleged damages.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because the alleged depreciation in Tenet's stock price resulted from factors other than the alleged misstatements and/or omissions in the Complaint.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because the determination and allocation of any alleged damages is impossible.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, for failing procedurally and as a matter of law to allege any false or misleading statements on behalf of any Defendants.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable effort to mitigate injury or damage, which would have prevented their injury or damages, if any.

Defendants reserve their right to further supplement and amend these affirmative defenses as additional evidence becomes available.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiffs:

1. denying all claims alleged in the Complaint and dismissing the Complaint with prejudice;

2. awarding Defendants their costs and disbursements and reasonable attorneys' fees associated with the defense of this action; and

3. granting such other and further relief that this Court may deem just and proper.

27

Respectfully submitted,

Dated: March 14, 2024

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

_Douglas P. Baumstein_____

Scott A. Rader, Esq.
Douglas P. Baumstein, Esq.
Nicholas A. Butto, Esq.
919 Third Avenue, 38th Floor
New York, NY 10022
(212) 935-3000
SARader@mintz.com
DBaumstein@mintz.com
NAButto@mintz.com

_Counsel for Defendants Tenet Fintech Group, Inc., Johnson Joseph, and Jean Landreville_

28