

Jacob A. Goldberg
jgoldberg@rosenlegal.com

July 23, 2024

**VIA ECF**

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Alejandro Handal v. Tenet Fintech Group Inc.*,
             1:21-cv-06461-PKC-RLM

Dear Judge Chen:

    We represent Lead Plaintiff Alejandro Handal ("Plaintiff") in this securities class action. By letter dated April 8, 2024, we informed the Court that the parties have reached a settlement, in principle, resolving all claims against all Defendants in this Action. (Dkt. No. 53). By letter dated May 21, 2024, we alerted the Court that we required more time to complete the full stipulation of settlement and accompanying documents. (Dkt. No. 54). By letter dated May 30, 2024, we alerted the Court that while the parties have resolved most substantive issues, Defendant had failed to pay the first of several installments in satisfaction of the Settlement. (Dkt. No. 55). By letter dated June 21, 2024 (Dkt. No. 56), we informed the Court that Defendants had not paid the first installment of the Settlement Amount into the escrow account as the Memorandum of Understanding ("MOU") requires. On July 9, 2024 (Dkt. No. 57), we updated the Court that despite Plaintiff's good faith forbearance, Defendants failed to pay the first two installments of the agreed-upon Settlement Amount and informed Plaintiff that Defendants would not fulfil their payment obligation at all.

    We file this status report in response to the Court's July 9, 2024, order.

    To protect the interests of the Settlement Class, Plaintiff intends to move the Court to enforce the binding MOU between Defendants and Plaintiff on or before August 23, 2024. In this Circuit, "a fully binding preliminary agreement" by which the parties expressly agree to be bound, "binds both sides to their ultimate contractual objective." *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 548 (2d Cir. 1998). Therefore, even without a follow-on stipulation of settlement, Plaintiff is entitled to enforce the MOU, compelling Defendants to pay as they agreed. *Id.*

    Under Rule 23(e), class action settlements such as this one require court approval. Fed. R. Civ. P. 23(e). Plaintiff intends to comply with Rule 23(e) after executing on the judgment this

THE ROSEN LAW FIRM, P.A.   101 GREENWOOD AVENUE, SUITE 440   JENKINTOWN, PA 19046   TEL: 215-600-2817   FAX: 212-202-3827

Court will enter. In this case, however, considering the Defendants have breached their contractual obligations before the Court has had the opportunity to review and approve the Settlement, Plaintiff will first seek to enforce the binding MOU, collecting the Settlement Amount, including interest and incurred expenses. After executing on the judgment for their breach of the MOU and depositing monies he recovers from Defendants into an escrow account, Plaintiff will, pursuant to Fed. R. Civ. P. Rule 23(e), move for preliminary approval, notify the Settlement Class, and seek final approval of the Settlement. This preserves judicial resources and avoids unnecessary costs to the Settlement Class.

Plaintiff will move the Court to enforce the MOU on behalf of the Settlement Class on or before August 23, 2024.

If the Court has any questions, please contact us.

Respectfully,

/s/ *Jacob A. Goldberg*

Jacob A. Goldberg

cc:   All counsel of record (via ECF)